(No. 1763—

GRACE E. FINNEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 8, 1936.*

FRANK L. TRUTTER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed her claim in this court on May 1, 1931, and seeks to recover the sum of Fifteen Hundred Dollars ($1,500.00), for personal injuries, which she claims to have

sustained while riding in a passenger elevator in the Centennial Building at Springfield, on Sunday, September 21st, 1930.

It appears that the Centennial Building was open to visitors on the date in question, and that claimant with her son and her brother, went to such building for the purpose of viewing exhibits in the State museum. They first went to the fifth floor to view the exhibits there, and afterwards entered the elevator to go to the basement for the purpose of viewing the exhibits on that floor. Claimant contends that the elevator was overcrowded and was improperly operated, and that by reason of carelessness and negligence of the servants and agents of respondent in that behalf, the elevator landed in the basement with a great impact, and thereby the plaintiff sustained severe bodily injuries.

The Attorney General contends that the State is not liable under the doctrine of *"respondeat superior"*; that there is no liability on the part of the State for the negligence of any of its servants or agents, in the absence of a statute making it so liable.

The claimant admits that the principle of law contended for by the Attorney General is correct but takes the position that she is entitled to an award, on what has come to be known as the doctrine of equity and good conscience, and relies on some of the earlier decisions of this court on which awards were made on that ground.

The question of the liability of the State on the grounds of equity and good conscience, in a case where there would be no legal liability on the part of the State if it were suable, was fully considered by this court in the case of *Crabtree* vs. *the State,* 7 C. C. R., 207, where the earlier decisions of the court were reviewed, and where after a full consideration of the matter, the following rule was announced:

"That Section four (4) of Paragraph six (6) of the Court of Claims Act, which provides as follows, to-wit: The Court of Claims shall have power: 'to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto, which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay'; merely defines the jurisdiction of the court, and does not create a new liability against the State, nor increase or enlarge any existing liability; that the

jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.''

The rule as laid down in the Crabtree case has been followed by this court in numerous cases since that time.

*Kramer* vs. *State,* 8 C. C. R. 31.
*Lay* vs. *State,* 8 C. C. R. 33.
*Morrisey* vs. *State,* 8 C. C. R. 40.
*Shumway* vs. *State,* 8 C. C. R. 43.
*Jones* vs. *State,* 8 C. C. R. 77.
*Leckbee* vs. *State,* 8 C. C. R. 82.
*Butler* vs. *State,* 8 C. C. R. 102.
*Trompeter* vs. *State,* 8 C. C. R. 141.
*Huff* vs. *State,* 8 C. C. R. 178.
*Reinhardt* vs. *State,* 8 C. C. R. 202.
*Rutledge* vs. *State,* 8 C. C. R. 206.
*Parks* vs. *State,* 8 C. C. R. 535.
*Rehman* vs. *State,* 8 C. C. R. 556.

There is no statute making the State liable under the facts in this case, and in the absence of such statute we have no authority to allow an award.

Award must therefore be denied. Award denied; case dismissed.